UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT S. WILCOX, | : | Case No. 2:23-cv-2477 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Kimberly A. Jolson |
| STATE OF OHIO, et al., | : | |
| Defendants. | : | |

ORDER AND
REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Madison Correctional Institution, has filed a *pro se* civil rights complaint, with two supplemental pleadings, in this Court pursuant to 42 U.S.C. § 1983. (*See* Doc. 1, 2, 3). By separate Order Plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a *sua sponte* review of the complaint, as supplemented, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. See also § 1915A(b). Thus, § 1915(e)[1] requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.SC. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Complaint**

Plaintiff has filed a complaint that consists of a complaint form, two supplements with exhibits, and two supplemental complaints naming additional Defendants. (Doc. 1, 2, 3). The complaint, as supplemented, includes factual allegations from three institutions and against forty-five Defendants. Although portions of the complaint are difficult to decipher, the Court

3

understands Plaintiff to bring claims related to his medical treatment, destruction of his personal property, alleged retaliation, and allegations regarding the prison grievance system in the Lancaster, Madison, and Allen Correctional Institutions.

With regard to his medical treatment, Plaintiff claims that he has been denied adequate medical care from 2013 until present. (Doc. 1-2, Complaint at PageID 22). Plaintiff asserts that the three facilities "are running corporal punishment," allegedly causing him difficulty eating and using the bathroom, as well as other medical issues. (*Id.* at PageID 16). Plaintiff asserts that he experiences bodily pain due to "illegal heat" and that he has been denied recreation "due to illegal body restraints." (*Id.*; *See also* 20-21 ("I had illegal body restraint on me and corporal punishment which is that illegal body heat that is very dangerous.")). Referring to his medical care, Plaintiff claims that Defendants "are running corporal punishment every day" and asserts that the Defendant wardens failed to properly supervise staff. (*Id.* at PageID 22, 25).

Plaintiff alleges, verbatim, that he experiences the following medical issues:

> Body shakes, sore hip, sore shoulders, stick pain in the rectum area with hot glue make you feel very uncomfortable, sticky genitals and hot calling hot glue as well as under arms, vision blur, wanton in the neck area, hands swollen, legs feel like freezer burn as they call it, rectum area sting when wiping it hot glue feeling, hot glue feel in feet also. Hot glue feel in the face, shriving teeth from man made speed. All these thing was done excessive and is still going on. Also all while I had body restraint on me. It was also heat to my knees making hard to walk also. A brush like feeling in the rectum area. I haven't had a good bathroom use in 10 years or more.

(*Id.* at PageID 22–23).

Plaintiff alleges that the named medical Defendants[2] violated his rights by forcing him to take psychiatric medication without his consent, which he claims does not work or makes things

---

[2] In the complaint, Plaintiff names nineteen Defendants in connection with his medical care, falling into the following three categories: (1) Defendants responsible for his care, that allegedly provided him with medication without his consent (Defendants Orr, Barnett, Ruth, Morgan, Greg,

4

worse. (*Id.* at PageID 23, 24–25; Doc. 2 at PageID 70). Plaintiff asserts that his medication(s) "cause more pain sometime cause it feel like it make the heat hotter and vision blurry," as well as resulting in stomach pain and vomiting. (*Id.* at PageID 24; Doc. 2 at PageID 70). Plaintiff indicates that when asked for consent to take medication he refused. (Doc. 1 at PageID 26). Nevertheless, Plaintiff alleges that Defendants forced him to take medicine as though it was mandatory. (*See id.* at PageID 26). Based on the allegations in the first supplement to the complaint and attachment, it appears that Plaintiff was prescribed psychotropic medication and is subject to an order for the administration of involuntary medication.[3] (Doc. 2 at PageID 72). According to Plaintiff, medical staff knew his treatment "was corporal punishment," but that his medical file was altered to conceal the alleged treatment. (*Id.* at PageID 26–27). Based on his allegations concerning his medical treatment, the Court understands Plaintiff to allege that he was improperly administered medication without his consent and that he has otherwise been provided inadequate medical care for his alleged symptoms/issues.

---

Doukoure, and Chifamba) (*see id.* at PageID 26, 31, 40)); Defendants on the Medical Medication Committee, affirming the administration of Plaintiff's medication (Defendants Morgan, Durner, Springer, Herrick, and Coe) (*see* Doc. 2 at PageID 70–71); and Defendants who allegedly took "corporal punishment" out of his medical file (Defendants Good and Mimms) (*see* Doc. 1-4, Complaint at PageID 27–28). As discussed below, plaintiff also includes conclusory allegations against Defendants Gilbert, Dr. Ewing, Dr. Ortegha, Jarvis, and Ryburn.

[3] Plaintiff has attached an appeal decision from an August 10, 2023 involuntary medication hearing, held pursuant to ODRC policy 76-MNH-29. The decision found that the policy was followed, noting that Plaintiff was examined by a psychiatrist or APRN, a treatment team filed a report on Plaintiff's condition, Plaintiff was provided notice of the hearing, was offered the assistance of a patient advisor, was given the opportunity to be present at the hearing, had the opportunity to suspend medication for the hearing, evidence relied to the hearing was provided to Plaintiff, Plaintiff's case was reviewed by a Mandated Medication Committee, and he was provided with the findings of the Committee in writing. (*Id.*). The appeal decision states that the order for involuntary medication is in effect for a maximum period of 180 days.

5

The complaint also includes allegations that his personal property has been taken by various staff members at the three institutions. Specifically, Plaintiff claims that his money, clothing, and commissary items were taken and/or destroyed without his consent. (*Id.* at PageID 16, 28). Noting that staff claim they are permitted to do so, Plaintiff alleges "they trying to say or run it like a mandatory program." (*Id.*). Plaintiff asserts that Defendants "kept trying to run my life like I was in a program that to treat you less than a human being." (*Id.* at PageID 24). Plaintiff alleges Defendants Wright, Mitchell, Reed, Hogan, and Whitey sent inmates to take plaintiff's belongings or "start disturbances" or "huffs" with plaintiff. (*See id.* at PageID 19–21, 24). For example, Plaintiff alleges that following Plaintiff having surgery, Wright, Mitchell and other officers sent inmates to hit the bottom of Plaintiff's bunk with a chair or locker box while he was asleep, causing him pain as well as depriving him of sleep. (*Id.* at PageID 19, 24, 27, 32, 37). With respect to this treatment, Plaintiff claims that correctional offers allegedly said "they was running a human remote on me especially when they use speed call it an all nighter and use tranquilizing to make you nod off while they come and hit the bed." (*Id.* at 30). Plaintiff further alleges that inmates were sent to take and/or destroy his clothing and commissary items (*id.* at PageID 21, 24) and that Wright used an inmate to deprive him of water. (*Id.* at PageID 31). It also appears from the allegations in the complaint that Defendants Reed and Whitey sent other inmates to Plaintiff's cell, resulting in fights. (*Id.* at PageID 19–21, 24).

Plaintiff alleges that the above inmate disturbances were the result of retaliation. Plaintiff alleges that inmates were used to start disturbances with him based on Plaintiff's use of the kiosk machine or his filing informal complaints/grievances. (*See id.* at PageID 27, 28). Specifically, Plaintiff alleges that Wright informed him that if plaintiff "used the grievance system it would be a war." (*Id.* at PageID 28. *See also id.* at PageID 34, 35–36).

Finally, the complaint includes factual allegations regarding the grievance process. Plaintiff alleges that Defendant Wright told him "we don't do informal complaints and when we do will say this issue is not grievable." (*Id.* at PageID 25).  Plaintiff also complains that he generally received "unintelligent answers back" to his informal complaints.  (*Id.* at PageID 34). The complaint also includes allegations regarding Defendants running an "IKE," which plaintiff states is "how you make something look fake" or something the guards "make look fake." (*Id.* at PageID 27, 36).  Plaintiff claims Defendants "play so much with the informal complaints I didn't [k]no[w] what was real or what was fake." (*Id.* at PageID 38).  In the second supplement to the complaint, Plaintiff alleges that his grievances were not adequately investigated. (Doc. 3 at PageID 74).

C. **Analysis.**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that Plaintiff may proceed with his First Amendment retaliation and Eighth Amendment cruel and unusual punishment claims against Defendants Wright, Mitchell, Reed, Hogan, and Whitey, based on his allegation that these Defendants retaliated against him for his using the grievance process by subjecting him to continued and varied harassment by inmates. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (setting forth the elements of a First Amendment retaliation claim).  *See also Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994) (setting forth Eighth Amendment elements).  Plaintiff may also proceed with his Eighth Amendment, deliberate indifference to serious medical needs claims against Defendants Orr, Barnett, Ruth, Greg, Doukoure, Chifamba, Morgan, Durner, Springer, Herrick, and Coe, based on his allegations that these Defendants improperly administered medication without his consent and that he has otherwise been provided inadequate medical care for his alleged symptoms.  *See generally Murray*

7

*v. Dep't of Corr.*, 29 F.4th 779, 786 (6th Cir. 2022) ("The Eighth Amendment protects an individual from 'cruel and unusual punishments.' A government official violates an incarcerated person's Eighth Amendment rights when the official shows 'deliberate indifference to serious medical needs.'") (internal citations omitted)). Upon initial review of the complaint, the undersigned finds these claims are worthy of further development and may proceed at this stage of the proceedings.[4]

Plaintiff's remaining claims against Defendants should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, the complaint should be dismissed against Defendants the State of Ohio and the Defendant correctional facilities. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has Plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition,

---

[4] However, "[t]he court cautions Plaintiff this is only a preliminary determination. The court has not made a determination on the merits of his claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 341–43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case and should be dismissed as a Defendant to this action.

The complaint should also be dismissed as to Defendants the Lancaster, Madison, and Allen Correctional Institutions. 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ," 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Mich. Dep't of Corrs.*, 65 F. App'x 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See also, e.g.*, *McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tenn. Dep't of Corr.,* 196 F. App'x 350, 355–56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Mich. Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). Accordingly, the Lancaster, Madison, and Allen Correctional Institutions should be dismissed as a Defendants to this action.

The Defendant wardens should also be dismissed as defendants to this action. Plaintiff seeks to hold these Defendants liable for the conduct of subordinates or for failure to take corrective action. (Doc. 1 at PageID 22). To the extent that Plaintiff names the wardens as Defendants based on their supervisory positions in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v.*

*Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that these Defendants are wardens and failed to take corrective action is not enough to impose liability on these Defendants under section 1983.

Plaintiff's claim brought in connection with the loss of his personal property should also be dismissed. Plaintiff names Defendants Wright, Mimms, Aubrey, and Brown in connection with his claim that his personal property was improperly taken and/or destroyed. (Doc. 1 at PageID 21, 28, 36). In order to state a claim based on the loss of his property, Plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587–88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to

explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Plaintiff's conclusory allegations against many of the named Defendants should also be dismissed. For example, without any factual elaboration, Plaintiff alleges that defendants Bailey, Fazier, Grohoske, and Love "are in tort act." (Doc. 1 at PageID 33). Plaintiff similarly alleges in a conclusory fashion that Gilbert told Plaintiff she could "steal [Plaintiff's] medical rights;" that Jarvis stated that "inmates can hustle off of [plaintiff]" after his medication hearing; and against defendant Copeland, that "Copeland is a[n] Allen staff member who said he play get back there and fish." (*Id.* at PageID 29; Doc. 2 at PageID 71). Plaintiff does not include any additional factual allegations against these individuals. Finally, although plaintiff lists Flody, Phill, Williams, Daily, Nash, Richter, Ruch, Ewing, Ortegha, and Ryburn as employees at their respective institutions, the complaint does not include any factual allegations against these individuals. (*See* Doc 1 at PageID 18). In the absence of any non-conclusory allegation against these Defendants, plaintiff has pled insufficient factual content to state a claim for relief. *See Twombly,* 550 U.S. at 5. The complaint should be dismissed as to Defendants Bailey, Fazier, Grohoske, Love, Gilbert, Jarvis, Copeland, Flody, Phill, Williams, Daily, Nash, Richter, Ruch, Ewing, Ortegha, and Ryburn.

The complaint should also be dismissed against Defendants Good and Mimms, who Plaintiff claims removed "corporal punishment" from his medical file. (*See* Doc. 1 at PageID 27, 28). Plaintiff's conclusory allegations against these Defendants are also insufficient to state an actionable claim. To the extent that Plaintiff may contend that these Defendants conspired to "run a medical IKE" (*id.* at PageID 28) or otherwise deprive him of his constitutional rights, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of

specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Plaintiff's vague, unsubstantiated and conclusory claims based on a conspiracy theory lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983. Defendants Good and Mimms should be dismissed as Defendants to this action.

Plaintiff's retaliation claim against defendant Harmon should also be dismissed. Without any additional factual allegations, plaintiff claims that Harmon sent him to mental health after plaintiff wrote an informal complaint. (*See* Doc. 1 at PageID 30). However, the complaint does not include any factual allegations to plausibly suggest that Harmon's alleged adverse action (referring plaintiff to mental health) was motivated by protected conduct under the First Amendment (plaintiff's filing an informal complaint). *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). Without any "further factual enhancement" Plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly*, 550 at 555–57. *See also Whiteside v. Collins,* No. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation

claim") (Report and Recommendation), *adopted*, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010). Accordingly, Plaintiff's retaliation claim against Defendant Harmon should be dismissed.

Finally, although Plaintiff is permitted to proceed in this action with his First Amendment retaliation claim in connection with his use of the grievance system, Plaintiff's freestanding claims regarding the investigation of his complaints and the grievance process should be dismissed. Plaintiff alleges that he received unsatisfactory responses to his informal complaints, guard interference with the grievance process, and insufficient investigation of his claims. (*See* Doc. 1 at PageID 25, 34. *See also* Doc. 2 at PageID 74). However, Plaintiff's claims cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). *See e.g.*, *Hill v. Warden, S. Ohio Corr. Facility*, No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

Plaintiff has also failed to state claim upon which relief may be granted to the extent that he may allege that Defendants interfered with the exhaustion of his claims. (*See* Doc. 2 at PageID 74) (discussing the unavailability of administrative remedies)).  While the Prison Litigation Reform Act's exhaustion requirement is "mandatory," with steps to exhaustion defined by the prison's grievance process, *Jones v. Bock*, 549 U.S. 199, 211 (2007), an inmate need only exhaust "available" remedies under the statute, not unavailable ones, *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).  *See also Paolone v. Altiere*, No. 4:12CV1344, 2012 WL 5463871, at *3 (N.D. Ohio Nov. 8, 2012) ("A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal.").  Therefore, to the extent that Plaintiff seeks to hold Defendants liable in connection with the grievance process, his claim should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, in sum, plaintiff may proceed with his First Amendment retaliation and Eighth Amendment claims against Defendants Wright, Mitchell, Reed, Hogan, and Whitey, based on his allegation that these Defendants retaliated against him for his using the grievance process by subjecting him to continued and varied harassment by inmates.  Plaintiff may also proceed with his Eighth Amendment, deliberate indifference to serious medical needs claims against Defendants Orr, Barnett, Ruth, Greg, Doukoure, Chifamba, Morgan, Durner, Springer, Herrick, and Coe, based on his allegations that these Defendants improperly administered medication without his consent and that he has otherwise been provided inadequate medical care for his alleged symptoms.

However, plaintiff has failed to provide summons and U.S. Marshal forms for service on these defendants.  It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit completed summons and U.S. Marshal forms for Defendants Wright, Mitchell, Reed, Hogan, Whitey, Orr, Barnett, Ruth, Greg, Doukoure, Chifamba, Morgan, Durner, Springer,

14

Herrick, and Coe. Once the Court receives the requested forms the Court will order service of process by the United States Marshal.

Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of plaintiff's First and Eighth Amendment claims against Defendants Wright, Mitchell, Reed, Hogan, Whitey, Orr, Barnett, Ruth, Greg, Doukoure, Chifamba, Morgan, Durner, Springer, Herrick, and Coe.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff, **within thirty (30) days** of the date of this Order, submit completed summons and U.S. Marshal forms for service on Defendants Wright, Mitchell, Reed, Hogan, Whitey, Orr, Barnett, Ruth, Greg, Doukoure, Chifamba, Morgan, Durner, Springer, Herrick, and Coe. Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

2. The Clerk of Court is **DIRECTED** send to plaintiff summons and United States Marshal forms for this purpose.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**NOTICE REGARDING OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: October 6, 2023                                            /s/ Kimberly A. Jolson
                                                                                        KIMBERLY A. JOLSON
                                                                                        UNITED STATES MAGISTRATE JUDGE