# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Robert S. Wilcox,

    Plaintiff,

v.

State of Ohio, *et al.*,

    Defendants.

Case No. 2:23-cv-2477

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Magistrate Judge Jolson issued a Report and Recommendation ("R&R") in this *pro se*, prisoner civil rights case recommending that the Court dismiss with prejudice all of Robert S. Wilcox's ("Plaintiff") claims except for: (1) his First Amendment retaliation and Eighth Amendment cruel and unusual punishment claims against Defendants Wright, Mitchell, Reed, Hogan, and Whitey, "based on his allegation that these Defendants retaliated against him for his using the grievance process by subjecting him to continued and varied harassment by inmates"; and (2) his Eighth Amendment deliberate indifference claim against Defendants Orr, Barnett, Ruth, Greg, Doukoure, Chifamba, Morgan, Durner, Springer, Herrick, and Coe, "based on his allegations that these Defendants improperly administered medication without his consent and that he has otherwise been provided inadequate medical care for his alleged symptoms." R&R 15, ECF No. 7.

The R&R recommended dismissing Plaintiff's remaining claims. First, it noted that Plaintiff's claims against the State of Ohio and the state corrections facilities are barred by Eleventh Amendment immunity and § 1983, for which purposes the corrections institutions are not "persons." R&R 8–9, ECF No. 7. Next, the R&R recommended dismissing the Warden Defendants on the basis that there is no *respondeat superior* liability under § 1983, and Plaintiff alleged no personal action by those defendants. *Id.* at 9–10. Moreover, the R&R recommends dismissing Plaintiff's procedural due process claim against Wright, Mims, Aubrey, and Brown because Plaintiff failed to allege that available state remedies were inadequate. *Id.* at 10. The R&R also recommends dismissing from the Complaint all defendants against whom no—or only conclusory allegations—are alleged. *Id.* at 11–13. This includes dismissing Defendants Bailey, Fazier, Grohoske, Love, Gilbert, Jarvis, Copeland, Flody, Phillips, Williams, Daily, Nash, Ricter, Ruch, Ewing, Ortegha, Ryburn, Good, Mims, and Harmon. Finally, the R&R recommends dismissing all claims against Pruitt and Guild centered on an insufficient grievance process because there is no constitutional right to a grievance process. *Id.* at 13.

The R&R notified Plaintiff of his right to object to the recommendations and warned Plaintiff that a failure to properly object could forfeit appellate rights. *Id.* at 16. Plaintiff timely objected. Obj., ECF Nos. 8 & 9.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Undersigned will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."

## II. ANALYSIS

Plaintiff objects "to any defendant that got dismissed out of this lawsuit and that violated any of [his] constitutional rights." Obj. 1, ECF No. 8. He requests the Court provide a list of those Defendants' names and permit Plaintiff to appeal dismissal of the same. *Id.* at 2.

Although Plaintiff does not identify any specific portion of the R&R that is incorrect, he summarily asserts that adoption of the R&R would revive corporal punishment in prisons, in violation of the United States Constitution. *See generally*, Obj., ECF No. 8. Plaintiff then reiterates his request for compensation in connection with his procedural due process claim and offers general pronouncements about the protection against cruel and unusual punishment. *Id.* at 1. Finally, Plaintiff requests more time to file objections and seems to have copied a paragraph from a publication about § 1983 as an attachment to his objection. *See id* at 3–4.

Plaintiff's second objection,[1] which the Court considers out of an abundance of caution notwithstanding the date it was received, repeats the same themes and asks for a preliminary injunction. *See generally*, Obj., ECF No. 9.

Upon *de novo* review, the Court **ADOPTS** the R&R. Plaintiff has offered no developed argument to demonstrate that any portion of the R&R was incorrect. Indeed, the recommendations therein were correct, save that the dismissal should be without prejudice for most of the dismissed claims.

### III. CONCLUSION

Plaintiff's objections are **OVERRULED**. The R&R is **ADOPTED**. Plaintiff's claims against the Warden Defendants based on *respondeat superior* and against Pruitt and Guild based on insufficiency of the grievance process are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against the State of Ohio, the corrections institutions, Bailey, Fazier, Grohoske, Love, Gilbert, Jarvis, Copeland, Flody, Phillips, Williams, Daily, Nash, Ricter, Ruch, Ewing, Ortegha, Ryburn, Good, Mims, and Harmon are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff's procedural due process claims against Wright, Mims, Aubrey, and Brown are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff may proceed only on: (1) his First Amendment retaliation and Eighth Amendment cruel and unusual punishment claims against Defendants

---

[1] Although a sentence in this document reads as though it was prepared and filed by someone other than Plaintiff, which is not permissible, Plaintiff signed the Objection. The Court thus presumes Plaintiff was simply referring to himself in the third person.

Wright, Mitchell, Reed, Hogan, and Whitey, "based on his allegation that these Defendants retaliated against him for his using the grievance process by subjecting him to continued and varied harassment by inmates"; (2) his Eighth Amendment deliberate indifference claim against Defendants Orr, Barnett, Ruth, Greg, Doukoure, Chifamba, Morgan, Durner, Springer, Herrick, and Coe, "based on his allegations that these Defendants improperly administered medication without his consent and that he has otherwise been provided inadequate medical care for his alleged symptoms."

The Clerk shall terminate ECF Nos. 8 & 9 and terminate the following Defendants: State of Ohio, Lancaster Correctional Institution, Madison Correctional Institution, Allen Correctional Institution, the Warden Defendants, Bailey, Fazier, Grohoske, Love, Gilbert, Jarvis, Copeland, Flody, Phillips, Williams, Daily, Nash, Ricter, Ruch, Ewing, Ortegha, Ryburn, Good, Mims, Harmon, Aubrey, and Brown.

Plaintiff is warned that a failure to submit the summons and U.S. Marshal forms for service on the remaining defendants could result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**